RECEIVED
MAR 16 2021
GENERAL COUNSEL

2/26/2021 2:58 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 50973116
By: Courtni Gilbert
Filed: 2/26/2021 2:58 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **MOAZZEM SIKDER** | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| **TOMMY VANDERFORD AND** | § | |
| **J M BOZEMAN ENTERPRISES, INC.** | § | \_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COME,** Plaintiff MOAZZEM SIKDER (hereinafter "Plaintiff") complaining of TOMMY VANDERFORD (hereinafter "Defendant Vanderford") and J M BOZEMAN ENTERPRISES, INC. (hereinafter "Defendant Bozeman"), collectively referred to as "Defendants," and for cause of action would respectfully show:

### I.

Plaintiff intend to conduct discovery under Level II, pursuant to 190.3 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.

Plaintiff is a resident of Harris County, Texas. The last three numbers of Plaintiff's Texas driver's license number are 536, and the last three numbers of his social security number are 390.

Defendant Bozeman is a foreign corporation. As such, it is a "non-resident" as that term is defined and understood under §17.041 of the Texas Civil Practice and Remedies Code. Accordingly, for purpose of securing service of process on the Defendant the Plaintiff plead and will prove the following:

    a.    Defendant Bozeman committed a tort in whole or in part in this state. As such, Defendant Bozeman was doing business in this state, as that term is defined and

**Plaintiff's Original Petition**
- 1 -

EXHIBIT B

understood under §17.042 of the Texas Civil Practice and Remedies Code;

b. At the time of the institution of this litigation, Defendant Bozeman was a foreign corporation, and as such, is a "non-resident" as that term is defined and understood under § 17.041 of the Texas Civil Practice and Remedies Code; and

c. At all times material hereto, the Defendant Bozeman engaged in business in this state, but does not maintain a regular place of business in this state and has not designated or maintained a registered agent for service of process in this state.

Accordingly, pursuant to §17.044 of the Texas Civil Practice and Remedies Code, the Secretary of State of the State of Texas is the agent for service of process on Defendant Bozeman, and service on Defendant Bozeman, may be obtained by serving the Secretary of State of the State of Texas at <u>1019 Brazos Street, Austin, Texas, 78701 in Travis County</u>.

Notice to Defendant Bozeman of service of process on the Secretary of State may be made, pursuant to §17.045 of the Texas Civil Practice and Remedies Code, by mailing a copy of the process or notice by registered mail or certified mail, return receipt requested to the home office of Defendant Bozeman at <u>166 Seltzer Lane, Malvern, Arkansas, or wherever it may be found</u>.

Defendant Vanderford is a "non-resident" individual as that term is defined and understood under §17.041 of the Texas Civil Practice and Remedies Code. Accordingly, for purpose of securing service of process on Defendant Vanderford the Plaintiff pleads and will prove the following:

a. Defendant Vanderford was the operator of a vehicle involved in an automobile accident on March 15, 2019 in this state; and

b. At the time of the institution of this litigation, Defendant Vanderford was a "non-resident" as that term is defined and understood under §17.041 of the Texas Civil Practice and Remedies Code.

Accordingly, pursuant to §17.062 of the Texas Civil Practice and Remedies Code, the Chair of the Texas Transportation Commission is the agent for service of process on Defendant Vanderford, and service on Defendant Vanderford, may be obtained by serving <u>the Chair of the Texas Transportation Commission at 125 East 11th Street, Austin, Texas, 78701 in Travis County</u>.

Notice to Defendant Vanderford of service of process on the Chair of the Texas Transportation

Commission may be made, pursuant to §17.063 of the Texas Civil Practice and Remedies Code, by mailing a copy of the process and notice that the process has been served on the Chair by registered mail or certified mail, return receipt requested to Defendant Vanderford at 8916 Smith Loop, Benton, Arkansas 725015, or wherever he may be found.

This incident occurred in Harris County, Texas.

### III.

Damages sought are within the jurisdictional limits of this Court. Plaintiff seeks monetary relief less than $250,000. Plaintiff contends that his paid/incurred medical expenses are less than $30,000.00 and seeks total damages of less than $75,000.00 in this lawsuit.

This Court has jurisdiction and venue is proper in Harris County, Texas pursuant to Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

### IV.

On or about March 15, 2019, Plaintiff was traveling eastbound at the 10300 block of the Northwest Freeway, in the third to right lane, in Houston, Harris County, Texas. Suddenly and without warning, Defendant Vanderford made an unsafe lane change into Plaintiff's lane and struck Plaintiff's vehicle.

Based on information and belief, at all times material to this lawsuit, Defendant Vanderford was an employee or agent of and engaged in the furtherance of the business of and in the course and scope of employment or agency relationship with Defendant Bozeman. Additionally, Defendant Bozeman is the owner of the vehicle that Defendant Vanderford was driving when the collision that forms the basis of this complaint took place. As a result of the incident, Plaintiff sustained serious personal injuries as described herein.

V.

On the occasion in question, Defendant Vanderford violated his duty to exercise ordinary care in the operation of the motor vehicle and was negligent in one or more of the following particulars:

(a) in failing to keep a proper lookout;
(b) in failing to apply or timely apply the brakes;
(c) in failing to yield the right of way;
(d) in disregarding lane markings;
(e) in changing lanes when it was unsafe;
(f) in attempting to turn from a non-turning lane;
(g) in striking Plaintiff's vehicle;
(h) in failing to drive in a reasonably attentive manner;
(i) in failing to maintain control of Defendant's vehicle; and
(j) in failing to exercise ordinary care as a reasonably prudent person would have done under the same or similar circumstances.

Each of these acts or omissions, singularly or collectively, constituted negligence, which proximately caused the occurrence made the basis of this suit and the resulting injuries and damages to Plaintiff.

VI.

Defendant Bozeman, and its agents, officers, and employees, for whose acts and omissions constituting negligence and negligence per se, and such acts and omissions, among others, are as follows:

(a) In failing to properly screen, test, and qualify drivers, specifically including Defendant Vanderford, so as to provide for safe operation of a vehicle such as the one involved in the occurrence in question;

(b) In hiring, employing, and/or retaining drivers, specifically including Defendant Vanderford, who lacked proper screening, testing, training and qualifications so as to provide for safe operation of a vehicle such as the one involved in the occurrence in question;

(c) In failing to properly train and supervise drivers, specifically including Defendant Vanderford, so as to provide for safe operation of a vehicle such as the one involved in the occurrence in question; and

(d) In failing to properly implement and enforce policies, procedures, and protocols to properly screen, test, train, qualify, supervise, and retain drivers to operate a vehicle such as the one involved in the occurrence in question.

At all times material hereto, all of the agents, servants, and employees for Defendant Bozeman, including but not limited to Defendant Vanderford, who were connected with the occurrence made the subject of this cause of action were acting within the course and scope of their employment or agency relationship or official duties and in furtherance of the duties of their employment or agency or office; and these agents, servants, and employees were acting in a managerial capacity or as vice-principals, and the acts committed by them, were authorized, approved, and ratified by Defendant Bozeman. Thus, Defendant Bozeman is vicariously liable for the acts and/or omissions of Defendant Vanderford under the doctrine of *respondeat superior*.

## VII.

Plaintiff would also show that at the time of the incident made the basis of this suit, Defendant Vanderford was driving a motor vehicle owned by Defendant Bozeman. Defendant Bozeman permissively allowed Defendant Vanderford to operate the motor vehicle in question for the purpose of operating the vehicle on the public streets and highways of Texas, and thereafter, Defendant Vanderford operated the vehicle with the knowledge, consent and permission of Defendant Bozeman.

Further, Defendant Bozeman knew or had reason to know in an exercise of due care, that Defendant Vanderford was an unsuitable, incompetent or reckless driver, and would create an unreasonable risk of danger to persons and property in the public streets and highways of Texas. By giving Defendant Vanderford permission to operate the vehicle, Defendant Bozeman negligently entrusted their motor vehicle to Defendant Vanderford, and such entrustment

proximately caused the occurrence made the basis of this suit and the resulting injuries and damages to Plaintiff.

## VIII.

All of the facts stated in this pleading are incorporated herein as if fully set forth. The actions, conduct and/or omissions of the Defendants were a violation of state law and/or local regulations and/or ordinances and as such constitute negligence per se.

## IX.

As a direct and proximate result of the aforementioned acts and omissions of negligence by the Defendants, Plaintiff sustained the following damages for which he is legally entitled to recover:

1. Necessary and reasonable medical expenses, past and future;
2. Physical pain and mental anguish, past and future;
3. Physical impairment, past and future;
4. Disfigurement, past and future;
5. Loss of income and reduced wage-earning capacity, past and future;
6. Property damage; and
7. Pre-judgment interest and costs of Court.

If it be found that Plaintiff was suffering from any predispositions, conditions or bodily infirmities prior to the date of the collision, Plaintiff would show unto the Court and jury that the same was neither disabling nor painful, but that as a result of the injuries suffered by Plaintiff on such occasion, and the effects thereof, the same had been incited, accelerated, and aggravated to such an extent that they have now become painful and disabling as described herein.

## X.
## REQUIRED DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in

Rule 194.2(b)1-12. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

## XI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein; that upon trial hereof, Plaintiff have judgment of the Court against such Defendant in a total amount of money substantially in excess of the minimum jurisdictional limit of this Court, together with prejudgment and post-judgment interest as provided by applicable laws; for all costs of court; and for all such other and further relief, both general and special, legal and equitable, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**CRIM & VILLALPANDO, P.C.**

By: _____
Allen A. King
State Bar No. 11433490
2122 E. Governors Circle
Houston, Texas 77092
(713) 807-7800
(713) 807-8852 Fax
Allen@cvinjurylawyers.com
**ATTORNEY FOR PLAINTIFF
MOAZZEM SIKDER**